### ROBINSON v. S. & B. LEDERER CO. et al.

(Circuit Court, D. Rhode Island. July 23, 1906.)

#### No. 2,667.

PATENTS—SUIT FOR INFRINGEMENT—VIOLATION OF PRELIMINARY INJUNCTION.
That the violation by a corporation defendant of a preliminary injunction against infringement of a patent resulted from carelessness and was not intentional is no defense to contempt proceedings therefor, but may be considered on the question of punishment; and, such a proceeding being remedial, the penalty in such case may properly be measured by the damage resulting to complainant from the violation and the costs and legal expenses incurred in the proceeding.

[Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Patents, § 619.]

In Equity. On petition to punish for contempt for violation of preliminary injunction.

Ellis Spear, Jr., for complainant.
Horatio E. Bellows, for defendants.

BROWN, District Judge. The complainant's evidence fails to show a violation of the injunction by any of the individual defendants. It establishes, however, the fact that the defendant corporation, since the granting of the preliminary injunction, has sold watch chains to which were attached swivels that infringe the complainant's patent. According to the weight of evidence, the violation of the injunction was not willful or intentional. The value of the swivels is so small that there appears to have been no pecuniary motive for a deliberate

146 F.—63

violation of the injunction. Nevertheless, it was the duty of the defendant to take effective measures to prevent a confusion of goods manufactured before the injunction with those made or sold afterwards, and, as it has failed to do so, carelessness or oversight cannot serve as an excuse, though it may be considered as affecting the amount of the penalty. The case of Westinghouse Air Brake Co. v. Christensen Engineering Co. (C. C.) 121 Fed. 562, seems to 'be directly in point.

As the injury to the complainant, in whose favor the injunction was granted, gives a remedial character to the contempt proceeding, and as the punishment is to secure to the complainant the right which the court has awarded him (see Bessette v. W. B. Conkey Co., 194 U. S. 324, 328, 329, 24 Sup. Ct. 665, 48 L. Ed. 997; Robinson on Patents, § 1219), I am of the opinion that, while the penalty should be such as will induce greater carefulness in the future, it should be measured by the amount of damage which the complainant has sustained through the defendant corporation's disobedience together with the costs and legal expenses incurred by the complainant upon this application. In case the amount cannot be agreed upon by counsel, the amount will be fixed upon further hearing.

An order may be entered accordingly.